# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 11, 2009 Session

## ESTATE OF MARY E. DILLARD, DECEASED v. TENNESSEE BUREAU OF TENNCARE

**Appeal from the Chancery Court for Lawrence County**
**No. 13114-06     Jim T. Hamilton, Chancellor**

**No. M2008-01002-COA-R3-CV - Filed November 30, 2009**

Bureau of TennCare filed a petition pursuant to Tenn. Code Ann. § 30-1-301 seeking the appointment of an administrator of the estate of a deceased TennCare recipient in order to recover the amount of medical assistance and services provided decedent. Trial court declined to appoint an administrator, finding that the statute of limitations at Tenn. Code Ann. § 30-2-310(b) barred the claim of TennCare. We reverse the trial court decision in light of *In Re: Estate of Martha M. Tanner* and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and FRANK G. CLEMENT, JR., JJ. joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; L. Vincent Williams, Deputy Attorney General, Nashville, Tennessee, for the appellant, Tennessee Bureau of Tenncare.

Charles W. Holt, Jr., Lawrenceburg, Tennessee, for the appellee, the Estate of Mary E. Dillard.

## MEMORANDUM OPINION[1]

The Tennessee Bureau of TennCare (the "Bureau") appeals the dismissal of a petition filed in the Lawrence County Chancery Court seeking to have an administrator appointed in order to

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

recover the amount of medical services received by Ms. Mary E. Dillard and paid for by the Bureau. The trial court denied the petition, holding that the limitations period contained at Tenn. Code Ann. § 30-2-310(b) barred the claim of TennCare.

The facts relevant to this appeal were stipulated to by the parties and are as follows:

1. Mary E. Dillard died on November 15, 2004, without issue.
2. Mary E. Dillard left a Last Will dated July 26, 1994.
3. At the time of her death, Mary E. Dillard owned a parcel of real property improved with a residential dwelling. . . .
4. On January 24, 2005, Carol Kittrell filed in the Probate Court for Lawrence County, Tennessee, a document purporting to be the Last Will of Mary E. Dillard, Deceased, for the purpose of establishing muniment of title in a parcel of real property owned by Mary E. Dillard at the time of her death. . . . .
5. On January 24, 2005, an Order was entered admitting the Last Will of Mary E. Dillard to probate for the purpose of establishing muniment of title. . . . .
6. No letters testamentary have been issued to Carol Kittrell.
7. No personal representative was appointed to administer the estate of Mary E. Dillard.
8. No notice to the creditors of Mary E. Dillard was published as required by T.C.A. § 30-2-306.
9. No relative of Mary E. Dillard and no creditor of the estate of Mary E. Dillard petitioned the Probate Court for letters of administration prior to twelve months from the date of death of Mary E. Dillard.
10. No other estate administration was sought by Carol Kittrell.
11. No other proceeding was sought by Carol Kittrell or any other creditor or person before the petition filed by the Tennessee Bureau of TennCare.
12. No proceeding was filed in which a creditor could file a claim began within twelve months of the date of death.
13. The State of Tennessee has an agreement with the federal government to provide medical assistance to eligible persons through the TennCare program.
14. The Bureau of TennCare is the administrative agency of the State of Tennessee with the duty of recovering the costs of medical assistance provided to individuals.
15. The decedent, Mary E. Dillard, was a TennCare benefit recipient.
16. On May 10, 2006, the Tennessee Bureau of TennCare filed this petition for appointment of administrator pursuant to T.C.A. §§ 30-1-301 through 30-1-311, but the Court did not appoint an administrator.
17. The Bureau of TennCare incurred $108,985.67 in costs subject to estate recovery under 42 U.S.C. § 1396P and T.C.A. § 71-5-116(c) and no party contests the accuracy of this dollar amount.
18. The Bureau of TennCare is seeking recovery of correctly paid benefits.
19. The administrative staff of the Bureau of TennCare sought to file a claim in the muniment of title proceeding on March 10, 2005. The Probate Clerk returned the

Bureau's claim on March 24, 2005 in accordance with T.C.A. § 30-2-307(d) upon determining that no administrator had been appointed.

The trial court's determination that the Bureau's claim was barred was based on its reading of *In re Estate of Henkel*, 2007 WL 4117791 (Tenn. Ct. App. 2007), *In re Estate of Anderson*, 2007 WL 4116223 (Tenn. Ct. App. 2007), *In re Estate of Tanner*, 2007 WL 4287373 (Tenn. Ct. App. 2007, and *In re Estate of Hare*, 2007 WL 4459934 (Tenn. Ct. App. 2007), which cases held that the Bureau's right to recover benefits under Tenn. Code Ann. § 71-5-116(c) was time-barred if not initiated within twelve months of the decedent's death. On October 7, 2009, the Tennessee Supreme Court issued its decision in *In Re: Estate of Martha M. Tanner*, — S.W.3d. —, No. M2006-02640-SC-R11-CV, overruling *Henkel, Anderson* and *Hare*, and holding that the provisions of Tenn. Code Ann. § 71-5-116(c)(2), requiring the personal representative of an estate to obtain and file with the clerk of the court exercising probate jurisdiction a release or waiver of any claims of the Bureau prior to the estate being permitted to close, override the one-year limitation period of Tenn. Code Ann. § 30-2-310(b). Applying *In Re: Estate of Martha M. Tanner* to the instant case, as we are obliged to do, and upon the facts recited above, we hold that the instant case is not barred, as held by the trial court.

Accordingly, we reverse the trial court's dismissal of the Bureau's petition and remand for reinstatement of the case and a hearing on the Bureau's application. Costs of this appeal are taxed to the Estate of Mary Dillard.

 

 

 

 

_____
RICHARD H. DINKINS, JUDGE